UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON FLORES ARROYO,<br><br>  Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>  Respondents. | Case No. 5:26-cv-04263-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a) WITHIN SEVEN DAYS |

## I.      INTRODUCTION

Ramon Flores Arroyo ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  The parties have consented to the jurisdiction of the Magistrate Judge.  (Dkt. 11.)  The Petition is granted and Respondents are directed to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

## II.     PROCEDURAL HISTORY

Petitioner filed the present Petition on July 30, 2026.  (Dkt. 1.)  The Petition

1

alleges that Petitioner was detained by ICE on July 7, 2026, and that, on July 28, 2026, an immigration judge ("IJ") found that Petitioner was subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b)(2). (Pet. at 20-21 ¶¶ 71-77.) The Petition argues that Petitioner's detention violates the Fifth Amendment Due Process Clause because Respondents have not "identif[ied] individualized evidence demonstrating that he presently poses either a danger to the community or an unmanageable risk of flight that cannot be adequately addressed through reasonable conditions of supervision." (Pet. at 40, ¶ 148.)

On August 6, 2026, Respondents answered the Petition. ("Answer" at Dkt. 10.) The Answer admits, "Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to" Rodriguez Vazquez v. Bostock, --- F.4th ----, No. 25-6842, 2026 WL 2196424, 2026 U.S. App. LEXIS 22798 (9th Cir. July 30, 2026) ("Bostock"). (Answer at 2.)

Petitioner filed a Reply on August 10, 2026 ("Reply" at Dkt. 12), which asks the Court to "retain jurisdiction and temporarily hold the Petition in abeyance" because he has "requested [a] § 1226(a) custody redetermination hearing" before an IJ based on the Ninth Circuit's decision in Bostock. (Id. at 4.) He argues, "if release is denied" by the IJ, "Petitioner's constitutional challenge to his continued detention may remain live and require prompt judicial review." (Id. at 2-3.)

## III.    DISCUSSION

The Ninth Circuit recently held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Bostock, 2026 WL 2196424, at *3, 2026 U.S. App. LEXIS 22798, at *12; see also Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1094, 1095 (C.D. Cal. 2025) (certifying "Bond Eligible Class" of noncitizens who entered without inspection, were not apprehended upon arrival, and are not subject to detention under § 1226(c), § 1225(b)(1), or § 1231 when DHS makes an initial custody determination), appeal

filed, No. 25-7958 (9th Cir. Dec. 19, 2025).  Respondents admit that, pursuant to Bostock, Petitioner is entitled to a bond hearing consistent with § 1226.  (Answer at 2.)  The appropriate remedy for this type of claim is an order requiring an individualized bond hearing be held within 7 days.  See, e.g., Rathi v. Warden of Desert View Annex Det. Facility, No. 26-cv-01174-WLH-AYP, 2026 WL 795298, 2026 U.S. Dist. LEXIS 61360 (C.D. Cal. Mar. 18, 2026).

To the extent Petitioner asks the Court to stay the current Petition, the Court finds this unnecessary.  Nothing in this order would prevent Petitioner from filing a new petition challenging any proceedings that take place before the IJ.  Any such petition should be filed in a new case.

**IV.   CONCLUSION**

IT IS THEREFORE ORDERED that:

1. The Petition is **granted**.

2. Respondents are enjoined from continuing to detain Ramon Flores Arroyo (A# 079-530-225) unless Petitioner is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order.

3. If Respondents fail to timely provide such a hearing, Petitioner may file a request for an order to show cause re contempt.[1]

DATED:  August 12, 2026

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).